# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1400
Filed May 13, 2026

---

**State of Iowa,**
Plaintiff–Appellee,
v.
**Bobby Lee Porter Jr.,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Kellyann M. Lekar, Judge.

---

**AFFIRMED**

---

Britt Gagne of Gagne Law Office, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Anagha Dixit (until withdrawal) and David Banta, Assistant Attorneys General, attorneys for appellee.

---

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

Based on a physical altercation between Bobby Porter Jr. and two of his housemates—a girlfriend and boyfriend couple—the State charged Porter with two crimes. As to the girlfriend, the State charged Porter with assault causing bodily injury. As to the boyfriend, the State charged Porter with willful injury causing serious injury. A jury found him not guilty on the assault-causing-bodily-injury charge involving the girlfriend and found him guilty of the lesser offense of assault causing bodily injury on the charge involving the boyfriend.

Porter appeals, raising three claims: (1) the guilty verdict is not supported by substantial evidence; (2) the district court erroneously denied his post-trial motion based on a jury instruction error; and (3) the district court imposed an illegal sentence because it did not order Porter to pay a probation enrollment fee as part of his suspended sentence. We address each claim in turn.

## I.  Sufficiency of the Evidence

Porter contends his conviction for assault causing bodily injury is not supported by sufficient evidence because he acted with justification—specifically, that he acted in self-defense. We review sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Uranga*, 31 N.W.3d 358, 364 (Iowa 2026). For a verdict to stand, it must be supported by substantial evidence, which is evidence sufficient to convince a reasonable fact finder that the defendant is guilty beyond a reasonable doubt. *Id.* In assessing the sufficiency of the evidence, we view it in the light most favorable to the State, including making all legitimate inferences from the record in its favor. *Id.*

Viewing the evidence in the light most favorable to the State, reasonable jurors could have found the following facts. Due to a plumbing backup in their house, Porter and his two housemates were cleaning up the mess in the early morning hours. It was a stressful situation, and his two housemates got into an argument. The girlfriend left to cool off, but before she left, Porter confronted her about leaving during the cleanup process. The two exchanged words, and the girlfriend drove off. Porter went back to the basement and told the boyfriend that when the girlfriend returned, Porter was "going to slap the shit out of her." When the girlfriend returned about ten minutes later, Porter met her outside and slapped her, knocking her to the ground.[1] She began screaming, and the boyfriend came out of the house to help her. As soon as the boyfriend came out of the house, Porter went toward him. So the boyfriend grabbed a stick that was lying in a pile of lawn refuse nearby and began waving it at Porter to try to keep him away. Porter pulled a knife and began waving it at him. The boyfriend slipped and fell, and Porter got on top of him and began striking him in the back of the head. The housemate's hands were cut by Porter's knife while trying to protect himself. Porter then stabbed him in the back with the knife. After realizing he was stabbed, the housemate lay still. Porter then got up and kicked and hit him a few more times. Both housemates then fled in the girlfriend's vehicle to the police station to get medical help.

Porter claims he acted in self-defense. As to his justification defense, the jury was instructed that Porter's use of force was not justified if the State proved (1) Porter did not have a reasonable belief that it was necessary to use force to prevent an injury or loss or (2) Porter used unreasonable force under

---

[1] While the jury found Porter not guilty of assaulting the girlfriend, there is still evidence from which the jury could have found that Porter struck her, even if the jury determined it did not constitute a crime for whatever reason.

the circumstances. Based on the facts as outlined above, reasonable jurors could conclude that the State proved that Porter's use of force was not justified in both ways, even though it was only required to prove one.

Specifically, reasonable jurors could conclude that Porter started the confrontation with his threats and subsequent advance on the girlfriend. And they could conclude that it was not necessary for Porter to confront the boyfriend when he came out to help his girlfriend. Further, reasonable jurors could conclude that it was unnecessary and an unreasonable use of force for Porter to escalate the confrontation by pulling a knife and eventually stabbing the boyfriend in response to the boyfriend arming himself with a stick. They could also conclude that it was unnecessary and an unreasonable use of force for Porter to kick and strike the boyfriend as he lay still after being stabbed.

Porter's claim that the verdict is not supported by substantial evidence relies largely on his testimony, which attempted to paint a different picture. But, of course, the jury was not obligated to believe Porter's testimony. *See State v. Leckington*, 713 N.W.2d 208, 214 (Iowa 2006) ("The jury was not required to believe [the defendant's] self-serving version of the facts."). It was up to the jury, not us, to "resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, [and] to weigh the evidence." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (citation omitted). The guilty verdict is supported by substantial evidence, so we reject Porter's sufficiency-of-the-evidence challenge.

## II. Jury Instruction Challenge

Porter also claims error in this marshaling instruction given to the jury:

> The State must prove all of the following elements of Willful Injury Causing Serious Injury to [the boyfriend].

4

1. On or about the 23rd day of April, 2024, Bobby Porter assaulted [the boyfriend] at [the location of the incident].

2. Bobby Porter specifically intended to cause a serious injury to [the boyfriend].

3. a. The acts of Bobby Porter caused a serious injury to [the boyfriend] as defined in [a later instruction].

Or

b. The acts of Bobby Porter caused a bodily injury to [the boyfriend] as defined in [a later instruction].

4. Bobby Porter acted without justification, as defined in [later instructions].

If you find the State has proved elements 1, 2, 3a and 4 then Bobby Porter is guilty of Willful Injury Causing Serious Injury.

If you find the State has proved elements 1, 2, 3b and 4 then Bobby Porter is guilty of Willful Injury Causing Bodily Injury.

If the State has proved only elements 1, 3a and 4 but has failed to prove element 2, then Bobby Porter is guilty of Assault Causing Serious Injury.

If the State has proved only elements 1, 2 and 4 but has failed to prove either element 3a or 3b, then Bobby Porter is guilty of Assault with Intent to Inflict Serious Injury.

If the State has proved only elements 1, 3b and 4 but has failed to prove element 2, then Bobby Porter is guilty of Assault Causing Bodily Injury.

If the State has proved elements 1 and 4 but has failed to prove elements 2 and 3, then Bobby Porter is guilty of Assault.

If the State has failed to prove element 1 then Bobby Porter is not guilty.

Porter contends that the last paragraph misstates the law. He contends that the jury was required to find him not guilty not only if the State failed to prove

element one, but also if it failed to prove element four. Because the last paragraph does not tell the jury that it must find Porter not guilty if the State failed to prove element four, Porter contends the instruction misstates the law and thus misled the jury.

The State contends Porter failed to preserve error on this claim because he did not object to the jury instruction. Porter concedes that he did not object to the instruction, but he contends he preserved the issue by raising it in post-trial motions in arrest of judgment and for new trial. We find Porter failed to preserve error.

The Iowa Rules of Civil Procedure relating to jury instructions apply to criminal cases. Iowa R. Crim. P. 2.19(4)(g). Rule 1.924 requires all objections to instructions to be made before jury arguments. And the objections "must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds." The rule also provides that "[n]o other grounds or objections shall be asserted thereafter, or considered on appeal." By rule, Porter failed to preserve error on this issue by not objecting to the instruction at issue before jury arguments. *See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) ("We have repeatedly held that timely objection to jury instructions in criminal prosecutions is necessary in order to preserve any error thereon for appellate review."). And this failure is not cured by raising an objection to a jury instruction in a post-trial motion, as it is then too late to make the objection. *State v. Henderson*, 268 N.W.2d 173, 181 (Iowa 1978).

As Porter failed to preserve error on his objection to the jury instruction, we do not address it.

## III.   Failure to Assess Probation Supervision Fee

For his final challenge, Porter asserts the court imposed an illegal sentence because it placed him on formal probation without imposing the $300 enrollment fee required by Iowa Code section 904.912(1) (2024).[2] He contends that, because the court had no authority to waive the fee, *see* Iowa Code § 904.912(2), the failure to impose the fee constituted an illegal sentence.

Porter's argument is premised on the notion that the probation-enrollment fee is punitive and therefore part of the sentence. But our supreme court has determined that the enrollment fee is not punitive because the statute expressly states the fee is to offset costs of supervision and because subsection three provides for implementation of a fee waiver procedure for defendants unable to pay.[3] *See State v. Oliver*, 588 N.W.2d 412, 415–16 (Iowa 1998). Because imposition of the fee occurs by operation of law, cannot be waived by the court,[4] can be waived by the department of corrections, and is nonpunitive, the court's failure to impose the fee did not constitute an illegal sentence.

---

[2] Porter's brief references section 905.14(1) as the statute requiring imposition of the probation-enrollment fee. But section 905.14 was transferred to section 904.912 effective July 1, 2024, which was before Porter's sentencing in August 2024. *See* 2024 Iowa Acts ch. 1182, § 93.

[3] Section 904.912(3) states: "The department [of corrections] may adopt rules for the administration of this section. If adopted, the rules shall include a provision for waiving the collection of fees for persons determined to be unable to pay."

[4] Section 904.912(2) states, in relevant part: "The fees established pursuant to this section shall not be waived by the sentencing court."

## IV.   Conclusion

For the reasons stated, substantial evidence supports the jury's verdict finding Porter guilty of assault causing bodily injury, Porter's challenge to the marshaling instruction is not preserved for our review, and the court's failure to impose a probation-enrollment fee did not constitute an illegal sentence. As a result, we affirm.

**AFFIRMED.**